IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:23-cv-00159-MR-DCK

| | |
|---|---|
| ERIC RAMOND CHAMBERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| WARDEN OF ALEXANDER ) | |
| CORRECTIONAL, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Plaintiff's pro se Motions to Amend [Docs. 11, 18] and on Plaintiff's "Order to Show Cause for an Preliminary Injunction & a Temporary Restraining Order" [Doc. 26].[1]

The pro se incarcerated Plaintiff filed this action in the United States District Court for the Eastern District of North Carolina, addressing incidents that allegedly occurred at the Alexander Correctional Institution. [Doc. 1]. He filed a Corrected Complaint that also addressed the alleged incidents at Alexander CI. [Doc. 8]. The Eastern District granted the Plaintiff leave to proceed in forma pauperis. [Doc. 9].

---

[1] The Plaintiff is reminded that he must request relief from the Court by filing a motion. [See Doc. 16 (Order of Instructions)]. Any future improper filings will not receive a response from the Court and may be stricken.

In September 2023, the Plaintiff began filing Letters, some of which the Eastern District docketed as motions, seeking leave to add Defendants and claims addressing incidents that allegedly occurred at the Marion CI, where he was transferred around May 2023.[2] [Docs. 11, 12, 13; see Doc. 10 (change of address) ].

The Eastern District transferred the case to this Court on October 6, 2023 because the Alexander and Marion CIs are located in Western District, without having conducted a frivolity review or having addressed the Plaintiff's requests to amend. [Doc. 15].

In this Court, the Plaintiff filed a Motion to Amend along with a proposed Amended Complaint that solely addresses the incidents that are alleged to have occurred at the Marion CI [Docs. 18, 18-1], and he again moved to proceed in forma pauperis [Doc. 19], which this Court granted [Doc. 24].

A plaintiff may amend the complaint once as a matter of course within 21 days after serving the complaint, or within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). A plaintiff may

---

[2] The NCDAC website indicates that the Plaintiff returned to Alexander CI on December 8, 2023, where he is presently incarcerated. https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0735140&searchLastName=chambers&searchFirstName=eric&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1 (last accessed Feb. 5, 2024); Fed. R. Evid. 201.

subsequently amend with permission from the court which "shall be freely granted when justice so requires." Fed. R. Civ. P. 15(a)(2). The Fourth Circuit "ha[s] interpreted Rule 15(a) to provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc) (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)).

Here, the Plaintiff has attempted to amend his Complaint in a piecemeal fashion, which will not be permitted. However, the Plaintiff may file a superseding Amended Complaint on a § 1983 form that clearly identifies the Defendants against whom he intends to proceed, and sets forth facts describing how each of the Defendants allegedly violated his rights. See generally Fed. R. Civ. P. 10(a). Any Amended Complaint will be subject to all timeliness and procedural requirements and will supersede the Plaintiff's prior filings. If the Plaintiff fails to timely amend in accordance with this Order, the Court will proceed on the "Corrected Complaint" [Doc. 8].[3]

---

[3] It is unclear, at this juncture, whether the claims addressing incidents that allegedly occurred at the Marion CI should proceed in a separate lawsuit. See generally Fed. R. Civ. P. 20; George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three-strikes provisions of the Prison Litigation Reform Act.).

Because a single action is presently proceeding before the Court, the second Order waiving the initial filing fee [Doc. 24] will be vacated and any funds that have been withdrawn pursuant to that second Order will be refunded to the Plaintiff.

Also pending is Plaintiff's request for a preliminary injunction and temporary restraining order [Doc. 26]. He seeks to be transferred to a prison outside of the Western District "do to threats and retaliation do to this civil suit." [Id. at 1] (errors uncorrected). He claims that "prison staff" has threatened to plant illegal drugs and knives on his person and that this came to pass; that he has been retaliated against at the Marion and Alexander CIs; that he has been assaulted by staff; that he has been assaulted by other inmates, resulting in serious injuries requiring surgery; that he has been refused protective custody; that he has been denied medical attention; that he no longer has access to his medication; that he has been written up "with lost money and privileges" for refusing to go back to the regular population; and that "staff are trying to force [him] into a life threatening situation at these facilities." [Id. at 2].

Preliminary injunctive relief is an extraordinary remedy afforded before trial at the discretion of the district court. In re Microsoft Corp. Antitrust Litig., 333 F.3d 517, 524-26 (4th Cir. 2003). It is an extraordinary remedy never

awarded as of right. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). In each case, courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 542 (1987). "[C]ourts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." Winter, 555 U.S. at 24. To obtain a preliminary injunction, the plaintiff must establish (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Id. at 20. Here, the Plaintiff has not established any of the elements that would warrant preliminary injunctive relief. The Court will, therefore, deny Plaintiff's request for a preliminary injunction or temporary restraining order at this time.

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's pro se Motions to Amend [Docs. 11, 18] are **DENIED**.

2. The Plaintiff shall have **thirty (30) days** in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to amend the Complaint in the instant case in accordance

5

with this Order and within the time limit set by the Court, this action will proceed only on the "Corrected Complaint" [Doc. 8].

3. The Plaintiff's "Order to Show Cause for an Preliminary Injunction & a Temporary Restraining Order" [Doc. 26] is **DENIED.**

4. The Order instructing NCDPS to transmit the filing fee from the Plaintiff's prisoner account [Doc. 24] is **VACATED**.

5. The Clerk of Court's Financial Department is instructed to reimburse the Plaintiff for the overpayment of funds that have been collected for the payment of the filing fee in this case pursuant to the Order docketed as Document 24.

The Clerk is respectfully requested to mail the Plaintiff a blank prisoner complaint form and a copy of this Order, and to mail a copy of this Order to the correctional facility where the Plaintiff is incarcerated.

**IT IS SO ORDERED.**

Signed: February 7, 2024

Martin Reidinger
Chief United States District Judge