UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:23-cv-00159-MR

| ERIC RAYMOND CHAMBERS, | ) | |
|---|---|---|
| Plaintiffs, | ) | |
| vs. | ) | ORDER |
| WARDEN OF ALEXANDER CORRECTIONAL, et al., | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on initial review of the Amended Complaint [Doc. 31]. The Plaintiff is proceeding in forma pauperis. [Doc. 9].

**I.    BACKGROUND**

The pro se incarcerated Plaintiff filed this action in the United States District Court for the Eastern District of North Carolina, addressing incidents that allegedly occurred at the Alexander Correctional Institution. [Doc. 1]. He subsequently filed several requests to amend to add claims and Defendants addressing incidents that allegedly occurred at the Marion CI, where he was transferred in May 2023.  [Docs. 11, 12, 13; 18; 18-1; see Doc. 10 (change of address to Marion CI)].   The Plaintiff returned to the Alexander CI in December 2023, where he presently resides.  [Doc. 21 (change of address

back to Alexander CI)]. The Eastern District transferred the case to this Court on October 6, 2023, without conducting a frivolity review or addressing the Plaintiff's requests to amend. [Doc. 15].

On February 7, 2024, the Court rejected the Plaintiff's attempts to amend his Complaint on a piecemeal basis and provided him the opportunity to file a superseding Amended Complaint. [Doc. 28]. The Plaintiff was instructed to file an Amended Complaint that "clearly identifies the Defendants against whom he intends to proceed, and sets forth facts describing how each of the Defendants allegedly violated his rights." [Doc. 28 at 3]. He was cautioned that any Amended Complaint "will supersede the Plaintiff's prior filings." [Id.]. The Court noted that "[i]t is unclear, at this juncture, whether the claims addressing incidents that allegedly occurred at the Marion CI should proceed in a separate lawsuit." [Id. at 3, n.3].

The Amended Complaint is now before the Court for initial review. [Doc. 31]. The Plaintiff names as Defendants in their individual capacities: the Warden of Marion CI; John Does 1 and 2, Marion CI officers in charge (OICs); FNU Morgan, a Marion CI sergeant; FNU Gilliland and FNU Kalinowski, Marion CI correctional officers; Jane Doe and John Doe, Marion CI nurses; William Farish, a unit manager at the Alexander CI; and Timothy Metcalf, an assistant unit manager at the Alexander CI. [Id. at 2-3, 12-14].

The Plaintiff asserts claims for "8th amendment cruel and unusual punishment, excessive force, denied medical, negligence." [Id. at 3].

He appears to claim that officers at Marion CI used excessive force against him on July 22, 2023 and August 17, 2023; that the August use of force resulted from negligence and a "hit" that was orchestrated by "staff"; and that he was denied adequate medical care after each use of force. [Id. at 15-17].

The Plaintiff also appears to claim that, upon returning to Alexander CI in December 2023, his medications were confiscated; that Defendant Metcalf is denying his requests for protective custody although that Plaintiff fears for his safety; and that each time the Plaintiff refuses to return to the general population because of his fear, he receives a disciplinary infraction which has resulted in segregation beyond the 60-day limit. [Id. at 16-17].

For injury, the Plaintiff claims:

7-22-2023, Tazer at least 3 times in back area, serious back pain maced, eyes burn/vision blurry, kneck pain also from Tazer. Refused to answer sick calls. Refused breathing treatment.

8-17-2023 – Broken jaw in 3 places, vision blurred. Eyes and migraines headache. Refused any medical attention for 2 wks. Layed in pain…

I have 2 metal plates in my face, severe pain, refused medical. Paranoid, different thoughts, nightmares from all of the torture and physical and mental abuse. I have severe back and kneck pain. Bruises from Tazer. Medication was taken for a month,

3

> which caused skin breakout, left permanent bruises. Both nurses on said dates refused me attention and I was injured. I layed for 40 days with a broken jaw in several placed before having surgery.

[Id. at 5] (errors uncorrected). The Plaintiff seeks $1 million in damages. [Id.].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which

set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

### A. Misjoinder

As a general matter, "[u]nrelated claims against different defendants belong in different suits." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); Fed. R. Civ. P. 20. A plaintiff may only join different defendants in the same suit if the claims against them arose out of the same transaction or occurrence, or series thereof, and contain a question of fact or law common to all the defendants. Fed. R. Civ. P. 20(a)(2). Thus, where claims arise out of different transactions and do not involve all defendants, joinder of the claims in one lawsuit is not proper. Riddick v. Dep't of Corr., No. 7:17-cv-268, 2017 WL 6599007, at *1 (W.D. Va. Dec. 26, 2017). "Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that these complaints have produced but also to ensure that prisoners pay the required filing fees." Fannin v. Sellers, No. 3:20-cv-198 (DJN), 2020 WL 6808771, at *3 (E.D. Va. Nov. 19, 2020); see 28 U.S.C. § 1915.

Rule 21 of the Federal Rules of Civil Procedure permits a court to "sever any claim against a party" and proceed with it separately. Fed. R. Civ.

P. 21; see generally Spencer, White & Prentis, Inc. of Conn. v. Pfizer Inc., 498 F.2d 358, 36-62 (2d Cir. 1974) (noting that the "justification for severance is not confined to misjoinder of parties."). Under Rule 21, a court has "virtually unfettered discretion in determining whether or not severance is appropriate." 17th Street Assoc., LLP v. Markel Int'l Ins. Co. Ltd., 373 F.Supp.2d 584, 598 n.9 (E.D. Va. 2005) (quoting Grigsby v. Kane, 250 F.Supp.2d 453, 456 (M.D. Pa. 2003)); see also Weaver v. Marcus, 165 F.2d 862, 864 (4th Cir. 1948) (a Rule 21 ruling is within the district judge's discretion that can be reversed on appeal only when there has been a clear abuse of discretion).

Based upon a review of the Amended Complaint, the Court concludes that the claims against the Marion CI and Alexander CI Defendants are misjoined. See generally Fed. R. Civ. P. 18, 20, 21. It appears that the Plaintiff is attempting to pursue two entirely separate actions: one addressing incidents that allegedly occurred at the Marion CI; and the other addressing incidents that allegedly occurred at the Alexander CI. The incidents are alleged to have occurred on different dates and at different prisons, and they involve separate sets of Defendants. See Fed. R. Civ. P. 20(a)(1)(A). The Court further concludes that allowing all of these claims and Defendants to proceed in a single action would make it unwieldy and inefficient, and would

allow the Plaintiff to proceed in an omnibus action while paying only one filing fee, contrary to the PLRA. The Court will, therefore, exercise its discretion to sever the claims against Alexander CI Defendants Metcalf and Farish from this case, and to dismiss them from this action without prejudice.[1] <u>Owens v. Hinsley</u>, 635 F.3d 950, 952 (7th Cir. 2011) (prisoner's complaint that failed to observe the requirements of Rule 20(a)(2) with respect to joinder of parties "should be rejected … either by severing the action into separate lawsuits or by dismissing improperly joined defendants…."); <u>Daker v. Head</u>, 730 F. Appx. 765, 768 (11th Cir. 2018) (rather than dismissing prisoner's § 1983 amended complaint, district court should have exercised its authority under Rule 21 to sua sponte dismiss improper defendants and sever unrelated claims). The Court will now proceed to review for frivolity the Plaintiff's claims that are alleged to have occurred at the Marion CI.

B. **Marion CI Claims**

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under

---

[1] The Clerk will be instructed to mail the Plaintiff a blank complaint form and a blank IFP application, should he wish to initiate a separate lawsuit addressing the Alexander CI claims and Defendants. The Court makes no determinations about the potential merit or procedural viability of such an action.

color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023).

### 1. Parties

The body of the Complaint contains allegations against the Marion CI, which are nullities because Marion CI is not a defendant in this case. [Doc. 31 at 17 ("Marion CI knew a hit had been placed on my life … [and] was negligent….")]; see Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"); Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("to make someone a party the plaintiff must specify him in the caption and arrange for service of process."); Perez v. Humphries, No. 3:18-cv-107-GCM, 2018 WL 4705560, at *1 (W.D.N.C. Oct. 1, 2018) ("A plaintiff's failure to name a defendant in the caption of a Complaint renders any action against the purported defendant a legal nullity"). Moreover, the claims against Marion CI could not proceed even if it were named as a defendant because NCDPS facilities are not "persons" under § 1983. See Fox v. Harwood, 2009 WL 1117890 at *1 (W.D.N.C. April 24, 2009).

The Plaintiff also uses vague terms and pronouns rather than identifying the individual(s) involved in each allegation. [See, e.g., Doc. 31 at 17 (referring to "staff")]. These claims are too vague and conclusory to

proceed insofar as the Court is unable to determine the Defendant(s) to whom these allegations refer.[2] See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F. 3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). The allegations that are directed at the Marion CI and which are too vague and conclusory to be attributed to any Defendant in this case are, therefore, dismissed.

### 2. Excessive Force

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986). To establish an Eighth Amendment claim, an inmate must satisfy both an objective component–that the harm inflicted was sufficiently serious–and a subjective component–that the prison official acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761

---

[2] These allegations are also nullities insofar as they refer to individuals who are not named as defendants in this case, for the reasons discussed supra.

(4th Cir. 1996). In adjudicating an excessive force claim, the Court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and, ultimately, whether the force was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Whitley, 475 U.S. at 320-21.

Furthermore, the Supreme Court has made clear that "[a]n inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." Wilkins v. Gaddy, 559 U.S. 34, 38 (2010).

Here, the Plaintiff claims that on July 22, 2023, Defendant Morgan shot him with a taser several times while the Plaintiff was "down and disabled," then Defendant Gilliland sprayed him with mace when Plaintiff was not resisting; and that on August 17, 2023, Kalinowski sprayed the Plaintiff with mace when the Plaintiff posed no threat and was not resisting. [Doc. 31 at 15].

Taking the allegations as true for the purposes of initial review, and construing all reasonable inferences in the Plaintiff's favor, the Court concludes that the Plaintiff's excessive force claims against Defendants

Morgan, Gilliland, and Kalinowski pass initial review in that they are not clearly frivolous.

### 3. Deliberate Indifference to a Serious Medical Need

Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state a claim under the Eighth Amendment, a plaintiff must show a "deliberate indifference to serious medical needs" of the inmate. Id. Deliberate indifference "entails something more than mere negligence," but does not require actual purposeful intent. Farmer v. Brennan, 511 U.S. 825, 835 (1994); Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997). "It requires that a prison official actually know of and disregard an objectively serious condition, medical need, or risk of harm." Rish, 131 F.3d at 837 (quoting Farmer, 511 U.S. at 837).

To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837; Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). "[E]ven if a prison doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical

11

attention." Stokes v. Hurdle, 393 F. Supp. 757, 762 (D. Md. 1975), aff'd, 535 F.2d 1250 (4th Cir. 1976).

A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (internal quotation marks omitted). An official acts with deliberate indifference if he had actual knowledge of the prisoner's serious medical needs and the related risks but nevertheless disregards them. DePaola v. Clarke, 884 F.3d 481, 486 (4th Cir. 2018). The prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

The Plaintiff claims that the Jane Doe Nurse denied him "breathing treatment" on July 22, 2023 although the Plaintiff is an asthma patient; that the John Doe Nurse denied him outside medical attention or any medical treatment on August 17, 2023; and that when the Plaintiff was finally sent to UNC Medical two weeks later, it was discovered that his jaw was broken in three places, requiring surgery. [Doc. 31 at 15].

Taking the allegations as true for the purposes of initial review, and construing the inferences in the Plaintiff's favor, the Court concludes that the

Plaintiff's deliberate indifference claims against the Defendant Jane Doe and John Doe Nurses are minimally sufficient to pass initial review in that they are not clearly frivolous

### 4. Supervisors

To establish liability under 42 U.S.C. § 1983, a plaintiff must show that the defendants "acted personally" to cause the alleged violation. See Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (citation omitted). As such, the doctrine of respondeat superior does not apply in actions brought under § 1983. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). A supervisor can only be liable where (1) he knew that his subordinate "was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury;" (2) his response showed "deliberate indifference to or tacit authorization of the alleged offensive practices;" and (3) there was an "affirmative causal link" between her inaction and the constitutional injury." Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (internal quotation marks omitted).

The Plaintiff claims that the John Doe OICs are "in control of shift/officers on duty"; that the incidents at issue occurred in the Marion CI Warden's building; and that "[t]hese officers work for [the Warden]." [Doc. 31 at 15]. These allegations are too vague and conclusory to plausibly allege

any basis for liability by these Defendants. Rather, the claims appear to be based on a respondeat superior theory that cannot proceed in this § 1983 action. Accordingly, the claims against the John Doe OICs and the Marion CI Warden are dismissed without prejudice.

## IV. CONCLUSION

In sum, the claims against Alexander CI Defendants Metcalf and Farish are severed from this action and are dismissed without prejudice. The Plaintiff's Amended Complaint passes initial review on the Plaintiff's excessive force claims against Defendants Morgan, Gilliland, and Kalinowski, and his claims of deliberate indifference to a serious medical need against the Jane Doe and John Doe Nurses. The remaining claims are dismissed without prejudice.

This Court's Local Rule 4.3 sets forth the procedure to waive service of process for current or former employees of the North Carolina Department of Adult Correction (NCDAC) in actions filed by North Carolina State prisoners. In light of the Court's determination that this case passes initial review, the Court will order the Clerk of Court to commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendants Morgan, Gilliland, Kalinowski, John Doe Nurse, and Jane Doe Nurse, who are alleged to be a current or former employees of NCDAC.

# ORDER

**IT IS THEREFORE ORDERED** that:

1. The claims against Alexander CI Defendants Metcalf and Farish are **SEVERED** and **DISMISSED WITHOUT PREJUDICE**.

2. Plaintiff's Amended Complaint [Doc. 31] passes initial review for the use of excessive force claims against Defendants Morgan, Gilliland, and Kalinowski, and for deliberate indifference to a serious medical need against the Jane Doe and John Doe Nurses.

3. The remaining claims are **DISMISSED WITHOUT PREJUDICE**.

4. The Clerk of Court shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendants Morgan, Gilliland, Kalinowski, John Doe Nurse, and Jane Doe Nurse, who are alleged to be a current or former employees of NCDAC.

5. **IT IS FURTHER ORDERED** that the Clerk shall mail the Plaintiff an NCPLS Opt-In/ Opt-Out form pursuant to the Standing Order in Misc. Case No. 3:19-mc-00060-FDW.

The Clerk is respectfully instructed to mail the Plaintiff a blank prisoner complaint form and IFP application along with a copy of this Order.

**IT IS SO ORDERED**.

Signed: March 18, 2024

Martin Reidinger
Chief United States District Judge